##### OF THE

## STATE OF MICHIGAN,

### In January Term, 1845.

#### PRESENT:

HON. EPAPHRODITUS RANSOM, CHIEF JUSTICE,
HON. CHARLES W. WHIPPLE, ⎫
HON. ALPHEUS FELCH, ⎬ JUSTICES.
HON. DANIEL GOODWIN, ⎭

---

### JACKSON *v.* DEAN.

The question of fraud, arising from a want of delivery and of a continued change of possession of goods sold or assigned by way of security, is, under the statute, (R. S. 332, § 4,) a question of fact for the jury.

The statute, (R. S. 331, § 6,) has abolished the distinction sometimes attempted to be drawn between absolute sales, and conditional assignments, and thus avoided the question, whether continued possession in the vendor or assignor, be consistent or inconsistent with the deed.

It declares what shall rebut the evidence of fraud raised by the statute from a want of change of possession, viz: good faith, and absence of intent to defraud.

It throws the burden of proving such good faith and absence of intent to defraud upon the party claiming under the assignment.

A assigned goods to B, by way of security, which, being allowed to remain in A's possession after the assignment, were seized under an execution against him. *Held,* that B might bring replevin against the sheriff, for the goods, without previously demanding them.

ERROR to Lenawee Circuit Court. Replevin by Dean against Jackson, for the taking and detention of a span of

horses, harness, carriage, wagon, and several articles of household furniture.    Pleas: 1. *Non cepit.*    2. That the goods replevied were the property of one James Love, and that the defendant below, as sheriff of Lenawee county, took them by virtue of an execution in favor of Udolpho Wolfe, against Love.    Issues joined thereon.

The cause was tried at the April term, 1843, of the Circuit Court, before the Hon. A. FELCH, Presiding Judge.

It appeared on the trial, that Dean, being the owner of a tavern stand, leased it to Love, who took possession in May, 1840, and continued in possession until December, 1841.    In the summer of 1841, Dean applied to Love for payment of the rent.    Love paid nothing at the time, but told Dean he would give him security.    In September, 1841, when the parties were together at Love's, he turned out to Dean the property in question, as security for the rent due and to become due ; the rent then due amounting to something over $200.

Lewis F. Follett, called as a witness for the plaintiff below, testified that he was present at the delivery of the property to Dean, having been called as a witness to the transaction ; that the property was turned out by Love to Dean as security for the rent of the tavern, and was to be Dean's, if the rent was not paid ; that no time was specified for the payment of the rent ; that Dean requested Love to keep the property and use it, until he, (Dean,) disposed of it, or made some other arrangement in regard to it.    That Love was keeping the tavern and could not well carry on his business without the horses, harness, wagon and carriage ; and that all of the property was worth something more than $200.

It further appeared that Love afterwards retained possession of the property, and used it as he had previously done, until it was levied upon and taken away by Jackson, in December, 1841.

It was proved, also, that in April, 1841, Udolpho Wolfe recovered a judgment against Love for about $200; and, in December following, took out a fi. fa. and delivered it to a deputy of the defendant below, Jackson, who was then sheriff of Lenawee county, by virtue of which, the property in controversy was levied upon and carried away.

Upon this evidence, the jury, under the charge of the Court, found a verdict for the plaintiff below, upon which judgment was rendered.

Whereupon, the defendant below removed the cause into this Court by writ of error and bill of exceptions.

The grounds of error relied upon sufficiently appear in the opinion of the Court.

*A. M. Baker* and *A. L. Millerd,* for the plaintiff in error.

1. There was a trust for the use of Love, in the transfer from him to Dean, which rendered the transfer void. *Twyne's Case,* 3 Co. R. 80; R. S. 330, § 1.

2. Under our statute relative to the sale, mortgage, or assigument of personal property, (R. S. 331, § 6,) the question of fraud is for the court, when there is no dispute as to the facts.

After the want of change of possession has been *satisfactorily excused,* the circumstances going to show "good faith," and "no intent to defraud creditors," &c. may be, and doubtless often are, proper matters for the jury; but until such want of change of possession has been satisfactorily excused, as an *affirmative proposition,* on the part of the claimant, the court should not submit the cause to the jury, unless upon clashing testimony as to the excusing circumstances.

It was so held before the Revised Statutes in New York. *Sturtevant* v. *Ballard,* 9 John. R. 337, and cases there cited;

2 Cow. R. 166; 7 Id. 732; 2 Wend. R. 596. It has also been so held by the Supreme Court of the United States. 1 Cranch, 309.

The Revised Statutes extended the application of the principle to mortgages, &c., but did not alter the rule that the question of fraud, under this statute, was for the court.

The Revised Statutes also made a further requisition upon the claimant of the property under such transfer, viz : that he should show, affirmatively, good faith and good intentions. 4 Wend. R. 514; 12 Wend. R. 297; 16 Wend. R. 523; 17 Wend. R. 53; 19 Wend. R. 444; 21 Wend. R. 169. The cases of *Hoe* v. *Acker,* 23 Wend. R. 653, and *Cole* v. *White,* 26 Wend. 511, are not of sufficient authority to change the rule heretofore adopted in the courts both of England and America. 1 Hill's R. 438; 24 Wend. R. 121, and cases there cited; Opinion by Cowen, J. in 20 Wend. 545; 9 John. R. 337.

3. The evidence in this case did not make a case which, even under the decisions in *Hoe* v. *Acker,* or *Cole* v. *White,* should go to the jury.

4. The transfer of the property from Love to Dean, if of any validity, was a *pledge,* and not a mortgage. There is a difference between a *mortgage* and a *pledge.* A *mortgage* is a conveyance of property to be void on payment of a certain sum, *at a certain time.* A *pledge* may be for an *indefinite period,* and then the *pledgor* must be called on to redeem before the pledge can be sold. 4 Kent's Com. 139; *Cortelyou* v. *Lansing,* 2 Caine's Cas. 200; *Garlick* v. *James,* 12 John. R. 146; *Brown* v. *Bennet,* 8 John. R. 96. This being a pledge, the pledgor had an interest in the property, which was subject to execution at any time. 4 Kent's Com. 139. The general property remains in the *pledgor.* 1 Atk. R. 167; 5 John. R. 258; 23 Wend. R. 667; Cow. Treat. New Ed. 302.

5. But even if it were a *mortgage,* Love had an interest

in the property liable to execution.   He was a mortgagor in possession, and before forfeiture.   No time had been fixed for redemption, and it does not appear that he had even been called on to redeem; of course there had been no breach.   2 Cow. R. 543 ; 4 Wend. R. 490.

6.  But even if the defendant in error had been entitled to recover possession of this  property, he could not bring replevin, without first demanding it.   He could not otherwise recover it of Love, whose possession was lawful; nor could he of the sheriff, who succeeded to all of Love's rights.   The action should have been in the *detinet*, and cannot be maintained in the *cepit*.

*A. K. Tiffany*, for the defendant in error.   The reporter has not been furnished with a copy of his brief.

RANSOM, C. J. delivered the opinion of the Court.
[ Several points were made at the trial, on which the Court was requested to give specific charges to the jury. The principal question, however, arose upon the construction of our statute, relative to fraudulent conveyances and contracts.   R. S. 331, § 6 ; Id. 332, § 4.

It was insisted on the part of the plaintiff in error, that proof of a want of change of possession of the goods turned out or assigned by way of security, was not merely evidence of fraud, to be submitted to the jury, but, unless satisfactorily explained, absolutely established the fraud ; and that, under the first clause of the sixth section of the act referred to, that question was to be determined by the Court, as a matter of law.

It was also insisted that the presumption of fraud arising from a want of change of possession, after the sale or assignment, was not rebutted by proof of good faith, and absence of an intent to defraud creditors.   But the Circuit Court held, and so charged the jury, " that the ques-

tion of fraudulent intent, in relation to said transfer, was one of fact for the jury ; that they were to decide from all the facts in the case, whether the plaintiff (below) had sufficiently explained the want of possession in himself; that his want of possession was *prima facie* evidence against him, and conclusive, unless explained; and that they were to determine as to the sufficiency of the explanation, as well as to whether the transfer was made in good faith, or with intent to defraud," &c.

The question here presented is one of great practical importance, and should receive the most careful and deliberate consideration of this Court, were it regarded as an open one; but, since the enactment of the Revised Statutes, it has often been discussed and decided, in the several circuits, where, it is believed, entire uniformity of decision has prevailed ; and this Court held, in the case of *Stowell* v. *Walker*,\* decided here at the last January term, that the question of fraud, arising from a want of delivery and a continued change of possession, of goods sold or assigned by way of security, was, under our statute, one of fact for the jury.

The same question has also been repeatedly agitated in the courts of New York. Our statute is a literal copy of the statute of New York; and, although it received from the Supreme Court of that state, a different construction from the one we have given to it, yet their court of last resort have steadily held, since the decision of *Smith & Hoe* v. *Acker*, 23 Wend. R. 653, that fraud, under the statute, was a question of fact for the jury, and not an inference of law to be decided by the court; and, in the case of *Hanford* v. *Artcher*, 4 Hill, 271, decided by the

---

\* The only point of importance decided by the case of *Stowell* v. *Walker*, is the one which it is here cited to sustain, and, as it was a much less direct and satisfactory authority upon this point, than the present case, it was not deemed advisable to report it among the cases of the last January term.

Court of Errors, so late as 1842, the whole doctrine, bearing directly or remotely on the construction to be given to the statute in question, is thoroughly sifted, and all the cases, ancient and modern, English and American, are referred to and reviewed.

Lieutenant Governor *Bradish*, then presiding in that tribunal, in a most elaborate opinion, declares the effect of the statute thus : "In general, this statute, upon due examination and a fair interpretation, will, I think, be found to have accomplished the following important objects, and thus put to rest the vexatious questions long agitated in regard to them, viz:

"1. It has abolished the distinction sometimes attempted to be drawn between absolute sales and conditional assignments, and thus avoided the question whether continued possession in the vendor or assignor be consistent or inconsistent with the deed.

· " 2. It declares what shall rebut the evidence of fraud raised by the statute from a want of change of possession, viz: good faith and absence of intent to defraud.

" 3. It throws the burden of proof of such good faith and absence of intent to defraud, upon the party claiming under the sale or assignment.   It declares the question of fraudulent intent, to be a question of *fact*, and not of law."

This we recognize as a correct construction of our own statute.   The ruling of the Court below in the case under review, in no wise conflicts with it, and is also in accordance with the decision of this Court, in *Stowell* v. *Walker*, before referred to.

2. Another point raised and relied upon, was, that the plaintiff below could not recover without having first demanded of the defendant a return of the goods.   We think, however, the Court below decided correctly, that no demand and refusal, need be proved.   By the contract relied upon by the defendant, and which the verdict of the

jury shows to have been proved to their satisfaction, he acquired an immediate right of possession. The goods were left with Love for the time being, as a matter of temporary convenience to the parties, but Dean might have removed them at any time, with or without the permission of Love.

Love's possession, then, was Dean's possession, and the taking and carrying away the property, by the plaintiff, was as much a trespass upon the defendant's right, as though it had been taken from his personal custody.

Several minor questions were raised at the trial, and again urged on the argument in this Court, but we think they were all properly decided by the Circuit Court, and require no notice or discussion here.

We are clearly of opinion, that the judgment of the Court below, should be affirmed, with costs.

*Judgment affirmed.*